Mr. Justice Mac Arthur,
while concurring in the judgment, said:
There is just one point in the decision of my brother Wylie upon which I desire that I should not be concluded, and while concurring in all else that has been decided, I think, in justice to myself, I ought to indulge in a single expression, and that is as to the construction of the statute requiring service of the list of the jurors and of the witnesses two full days before the trial.
We all agree that this must be done, for the purpose of authorizing the examination of any witness produced for the purpose of sustaining the indictment. We are not to presume, however, that Congress in passing this act intended by it to deprive the prosecution of material testimony. The act was passed in view of a well-established practice, both in civil and criminal cases, that newly-discovered testimony was always the foundation for relief. And even these defendants are entitled to a motion for a new trial upon this very ground, if they had the materials upon which to base it. The reason that the prosecution would not, without a verdict, be entitled to the same remedy, is simply because the government has no motion for a new trial at all.
Now, the practice pursued in one of the cases cited, in New Hampshire, recognized this practice in a criminal case *178 under a statute. It was the practice pursued upon the trial of this case in tbe court below ; and I apprehend that the Government, after using the utmost diligence and exercising the utmost good faith, may not be able to name all the witnesses previous to the commencement of the trial. And in ■some cases, perhaps, it would be impossible that the Government should be able to know all the facts that might be proved by a subsequent development of testimony.
Suppose, for instance, that a defendant on trial, upon a ■charge of homicide, should make a declaration or a confession, after the trial commenced, of his guilt. Is it possible, ■under such circumstances, the Government would be debarred, under the statute, from producing before the close of the trial, testimony of that description ?
Now, I apprehend that this statute was not intended to abrogate this practice. It does not in terms abrogate it, and I think that, without any express provision of that description, the practice must be considered still in vogue in the trial of indictments as well as in the trial of civil suits.
The main objection that has been taken to this mode of proceeding is, that it might work a surprise upon the defendant, but the statute has guarded him from such surprise by providing that there should be a list of witnesses before the trial commences. But this is a matter which is confided to the entire discretion of the court before whom the indictment is oil trial, and the court will see that no injustice is done to the defendant, other than that which would result from the statement of the truth of the facts and circumstances of the case.
If, therefore, a court is of opinion that the defendant is taken by surprise, it will give him such opportunities as it has at its entire command to supply him with the means of curing this surprise, by delaying the trial and giving him process and such time as may be necessary. And if the court see absolutely that a defendant would come to an injury, to an injustice, which he ought not to be subjected to, the court should reject the newly-discovered testimony entirely. But I think it is giving too broad a construction *179 to this statute to say that the Government shall, under no possible state of circumstances, be entitled to produce any testimony other than that which could be established bj- the witness who had been previously named. I am, therefore, of the opinion that the ruling of the learned justice who tried this case upon this application was correct, and especially so when there was no affidavit of surprise, no pretense of surprise, and no complaint that any injustice resulted from the testimony.
[Note. — The Chief-Justice, though constituting one of the three judges who sat at the hearing in General Term, was unable to be present at the delivery of the opinion. Mr. Justice Wylie, however, said, in concluding, that they were authorized by the Chief-Justice to say for him that he dissented from the conclusion of the court.]